Case No. 10-13315
Denha v. Commissioner of Social Security

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MONICA DENHA, O/B/O ASHLEY GYETVAI,

      Plaintiff,                        Case No. 10-13315
                                         Senior United States
v.                                            District Judge Arthur J. Tarnow

COMMISSIONER OF SOCIAL SECURITY,        Magistrate Judge Mona K. Majzoub

      Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT & RECOMMENDATION [16], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [13], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14]

      Before the Court are Plaintiff's Motion for Summary Judgment [13] and Defendant's Motion for Summary Judgment [14]. On July 15, 2011, Magistrate Judge Majzoub issued a Report and Recommendation [16] recommending that the Plaintiff's motion be DENIED and that Defendant's motion be GRANTED. Plaintiff filed an Objection [17]. The Government filed a Response [18]

      This Social Security case arises out of a claim for Social Security Supplemental Security Income (SSI) by Plaintiff, Ashley Gyetvai, a minor seeking childhood disability benefits alleging incapacity due to attention deficit hyperactivity disorder (ADHD) and asthma. The Administrative Law Judge (ALJ) found that the claimant was not entitled to childhood SSI benefits. The Appeals Council denied review of the ALJ's decision, and Plaintiff filed this civil action for judicial review on August 21, 2010. The parties filed motions for summary judgment.

      On July 15, 2011, Magistrate Judge Majzoub filed a Report and Recommendation (R&R) in this matter. The R&R recommends that Plaintiff's motion for summary judgment be denied and that Defendant's motion for summary judgment be granted because the claimant's mental deficiencies and pulmonary difficulties were not severe enough for her to receive SSI benefits.

      Plaintiff filed an objection to the Magistrate Judge's R&R. Plaintiff objects to the Magistrate Judge's consideration of a statement made by the mother in this case as to her

Case No. 10-13315<br>
Denha v. Commissioner of Social Security

daughter's medical condition and to the Magistrate Judge's mention of the fact that no pulmonary functioning test was performed on claimant. Because there was substantial evidence upon which the Magistrate Judge relied the Court disagrees and adopts the R&R for the reasons stated below.

## ANALYSIS

First,

> [t]he scope of judicial review is limited to determining whether the findings of fact made by the Secretary are supported by substantial evidence, and deciding whether the Secretary employed the proper legal criteria in reaching those findings.

*Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987) (citing *Gibson v. Sec'y of Health, Educ. & Welfare*, 678 F.2d 653 (6th Cir.1982)).

Substantial evidence is more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). This Court does not have the authority to reweigh factual evidence or decide issues of credibility. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992); *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (internal citation omitted). The Court must affirm an ALJ's decision if the findings and inferences reasonably drawn from the record are supported by substantial evidence, even if the record could support a different conclusion. *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

*MITRA STOPPED HERE.* Plaintiff objects that the evidence of his gastrointestinal impairments was not properly considered by the ALJ or the Magistrate Judge. On the contrary, the ALJ did consider the evidence but found that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment . . . ." Tr. at 20. The ALJ went on to discuss specific reasons for the decision, citing claimant's testimony, including his ability to care for six of his minor children, ability to complete household chores, and ability to shop. *Id.* at 20-21. The ALJ did not discount the fact that Plaintiff is in pain and limited in some ways,

2

but the ALJ found that he is not totally disabled from doing any kind of work. *Id.* at 21. The ALJ relied on objective evidence showing that Plaintiff's symptoms were getting better. *Id.* at 22.

Plaintiff also argues that Dr. King's opinion should have been given more weight. The ALJ considered Dr. King's opinion and specified why it was not considered very persuasive in light of Plaintiff's testimony and the objective evidence in the record. *Id.* at 21-22. The ALJ's decision was supported by substantial evidence. This Court does not have the authority to reweigh the evidence or make credibility determinations. Therefore, the ALJ's decision is affirmed.

## CONCLUSION

Based on the foregoing analysis, the Court hereby ADOPTS the Report and Recommendation [12] as the findings and conclusions of the Court. Therefore,

IT IS ORDERED that Plaintiff's Objection [13] is OVERRULED and Plaintiff's Motion for Summary Judgment [7] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment [10] is GRANTED.

SO ORDERED.


DATED:   September 12, 2011           S/ARTHUR  J. TARNOW
                                      ARTHUR J. TARNOW
                                      United States Senior District Judge


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 12, 2011, by electronic and/or ordinary mail.

                                      s/Shawntel R. Jackson
                                      Case Manager